IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRADFORD MATTHEWS :
 :
v. : Civil No. CCB-09-1392
 :
ANTOINE E. FORDHAM, *et al.* :
 :
 :

## MEMORANDUM

Plaintiff Bradford Matthews ("Matthews") brought this lawsuit against Gary D. Maynard, the Maryland Secretary of Public Safety and Correctional Services, and five correctional officers—including Berekley[1] M. Ghee, Jr. ("Ghee")—for violations of his civil rights stemming from a severe beating at Jessup Correctional Institution. On May 24, 2012, the court granted Matthews' motion for judgment by default against Ghee and two other defendants, holding them jointly and severally liable in the amount of $2 million. Now pending before the court is Ghee's motion for relief from default judgment. The parties have fully briefed the issues, and no oral argument is necessary. *See* Local R. 105.6. For the reasons stated below, Ghee's motion will be denied.

## BACKGROUND

Matthews filed the current lawsuit on May 28, 2009. On May 14, 2010, Matthews filed a status report, stating that he had not yet served Ghee. Matthews explained that he had been unable to locate Ghee, but was hiring an investigator to help in this effort. The court approved the status report on May 17, 2010.

---

[1] The defendant's license spells his name "Berkeley," (*see* ECF No. 90-1), but defense counsel uses "Berekley."

1

On October 27, 2010, however, Matthews filed proof of service, which indicated that Ghee had been served on November 4, 2009.[2] The proof of service listed Ghee's correct address at 2720 Baker Street. It also included a brief description of the person served, describing Ghee as an African-American man, 6 feet tall, 170 pounds, and 27 years old.[3]

On November 3, 2010, Matthews moved for an order of default against Ghee, which the Clerk entered on June 9, 2011. Matthews then moved for judgment by default on April 11, 2012, and the court granted the motion on May 24, 2012. Finally, on May 23, 2013, just under a year after default judgment was entered, Ghee filed the pending motion to set aside pursuant to Fed. R. Civ. P. 60(b).

## ANALYSIS

"[I]n order to obtain relief from a judgment under Rule 60(b), a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993) (citation and internal quotation marks omitted); *see also Dowell v. State Farm Fire and Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993); *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). "Whether a party has taken 'reasonably prompt' action, of course, must be gauged in light of the facts and circumstances of each occasion and the exercise of discretion by the trial judge will not be disturbed lightly." *Moradi*, 673 F.2d at 727; *see also* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be

---

[2] Plaintiff's counsel now explains that the delay in filing the return of service was "due to an administrative oversight." (Pl.'s Opp., ECF No. 89-1, at 2.)

[3] Ghee attaches a copy of his license, which was issued February 9, 2012. Referring to his license, he points out that he was 33 years old at the time he was served. He also states that he is now 260 pounds, not 170 pounds, although he does not provide his weight as of November 2009. The court additionally notes that the address listed on Ghee's license is the same address at which he was served.

2

made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order . . . .").[4] After meeting these threshold considerations, the party must then show one of the six grounds for relief listed in Rule 60(b). *Gray*, 1 F.3d at 266; *see also* Fed. R. Civ. P. 60(b).

Here, Ghee asserts that the default judgment is void because he was never served and, consequently, the court does not have personal jurisdiction over him. *See* Fed. R. Civ. P. 60(b)(4) (stating that the court may aside a void judgment). The court must reject this argument, as it appears from the record that Ghee was in fact served on November 4, 2009. Matthews filed a return of service indicating that Ghee was served at his home; indeed, Ghee does not dispute that the return lists his correct address.[5] Ghee, by contrast, provides no affidavit stating that Matthews failed to effect service of process. He does not even make this weighty accusation in his motion to set aside judgment, waiting instead until his reply brief to state that he was "never served." (Def.'s Mot., ECF No. 90, at 6.) Nor does Ghee indicate when he received notice of the lawsuit. Left with Ghee's mere assertion that he was not served, the court will not question a declaration, made under penalty of perjury, that he was served on November 4, 2009.

Ghee argues that, even if he was served, the default judgment must be set aside because he was not served within 120 days of the complaint being filed. Under Rule 4(m), service must be effected within 120 days of filing the complaint; however, "if the plaintiff shows good cause

---

[4] A motion pursuant to Rule 60(b)(4), which permits relief from void judgments, may be filed at any time. *See Jardine, Gill & Duffus, Inc. v. M/V Cassiopeia*, 523 F. Supp. 1076, 1079 (D. Md. 1981); *see also Choice Hotels Int'l, Inc. v. Bonham*, 125 F.3d 847, at *1 n.2 (4th Cir. 1997) (unpublished opinion). Denial of a motion under Rule 60(b)(4) is subject to de novo review. *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005).

[5] Although Ghee does dispute the age and weight listed on the return, the court cannot conclude that those minor discrepancies rise to the level of fraud, as he suggests. The court is also satisfied with Matthews' explanation for the delay in filing the return of service, and cannot conclude that his lawyer's administrative oversight constitutes fraud.

3

for the failure [to serve the defendant], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Although it is true that Ghee was served just past the 120-day period, Matthews' May 14, 2010, status report provided good cause for his failure to serve Ghee: he could not be located. As specified by Rule 4(m), if the plaintiff shows good cause, the court must extend the time limit for service. Accordingly, when the court approved Matthews' status report, it had to extend the time for serving Ghee. An appropriate extension would have certainly included up to November 4, 2009. The court, therefore, concludes that service was timely,[6] and will not set aside the default judgment for improper service of process or lack of personal jurisdiction.[7]

In any event, Ghee's motion fails on threshold considerations. First, Ghee failed to file his motion with reasonable promptness. He waited 364 days after default judgment was entered before filing his motion to set aside, and offers no explanation for his delay, other than his unsupported claim that he was not served. Indeed, he does not dispute that he received Matthews' November 3, 2010, motion for default judgment or the Clerk's June 9, 2011, entry of default.[8] Nor does he dispute receiving Matthews' April 11, 2012, motion for default judgment or the court's May 24, 2012, order granting the motion. The Fourth Circuit has upheld a district court's denial of relief under Rule 60(b) when the "[d]efendants waited almost four months after receiving notice of the default judgments before filing their motions to vacate" yet offered "no

---

[6] Even if the court were to find that Ghee was not timely served, dismissal ordinarily must be preceded by a motion or notice to the plaintiff. *See* Fed. R. Civ. 4(m). Here, Ghee did not file a motion to dismiss, and the court never provided notice of a potential dismissal for failure to effectuate service.

[7] The court likewise denies Ghee's claim that his due process rights were violated. As explained by the Supreme Court, a party's due process rights are not violated, and therefore the judgment is not void, when the party receives actual notice of the action before judgment is entered. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010).

[8] While Ghee notes that the body of the November 3, 2010, motion does not state his correct address, he fails to note that the certificate of service lists his correct address.

satisfactory explanation for this delay." *Central Operating Co. v. Utility Workers of Am., AFL-CIO*, 491 F.2d 245, 252–53 (4th Cir. 1974). Having waited nearly three times as long as the defendants in *Central Operating*, Ghee cannot claim that he acted with reasonable promptness.[9] Second, because Ghee waited so long before filing his motion, Matthews would be prejudiced if this court were to grant the motion to set aside. Over four years after filing his complaint, Matthews may not be able to locate witnesses or other evidence to pursue his claims. Finally, Ghee fails to establish a meritorious defense. He states, without providing any evidentiary support, that he was acquitted in a related criminal case. Even if the court were to assume this was correct, the burden of proof is lower in a civil case, and Ghee offers no affidavits or specific facts to establish his defense. Thus, Ghee neither satisfies the threshold considerations nor establishes a ground for relief pursuant to Rule 60(b).

## CONCLUSION

For the reasons stated above, the court will deny Ghee's motion for relief from default judgment. A separate order follows.

March 19, 2014  /s/
Date  Catherine C. Blake
  United States District Judge

---

[9] There is no showing that Ghee's lawyer, as opposed to Ghee personally, was responsible for the delay in filing the motion to set aside. *Cf. Moradi*, 673 F.2d at 728 (suggesting that relief from a judgment of default may be proper when counsel was responsible for the unreasonable delay in filing a motion to set aside).

5